**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**UNITED STATES OF AMERICA,**

**v.** **Criminal No. 3:19cr117-2**

**JAMES MICHAEL JOHNSON,**

**Defendant.**

# MEMORANDUM OPINION

This matter comes before the Court on Defendant James Michael Johnson's *pro se* Motion for Compassionate Release, (ECF No. 199), counseled Motion for Sentence Reduction, (ECF No. 213), and Memorandum in Support for Sentence Reduction, (ECF No. 214), (together, the "Motion" or "Motion for Compassionate Release").[1] The United States responded in opposition, (ECF No. 223), and Mr. Johnson did not reply.

This matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. For the reasons articulated below, the Court will deny the Motion for Compassionate Release.

## I. Background

On August 20, 2019, a grand jury returned a two-count indictment charging Mr. Johnson with Wire Fraud and Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. §§ 1343 & 2 and § 1349. (ECF No. 8.) On February 18, 2020, a grand jury returned an eight-count

[1] In his administrative request, Mr. Johnson also cited a need to care for his elderly mother. He does not press that ground in the instant Motion for Compassionate Release, and, in any event, he does not establish that he is the only available caregiver for a parent. *See* U.S.S.G. § 1B1.13(b)(3)(C).

superseding indictment charging Mr. Johnson with Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349 (Count One); Wire Fraud, in violation of 18 U.S.C. §§ 1343 & 2 (Counts Two through Seven); and Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h) (Count Eight). (ECF No. 37.) Following a five-day jury trial, on October 30, 2020, the jury found Mr. Johnson guilty on Counts One, Three, Four, Six, Seven, and Eight. (ECF No. 84, 85.)

Prior to Mr. Johnson's sentencing, the United States Probation Office prepared a Presentence Report ("PSR"). The PSR reported a Total Offense Level of 33 and a Criminal History category of I, resulting in an advisory guideline range of 135 to 168 months of incarceration. (ECF No. 109 ¶¶ 99, 100.) Because Mr. Johnson proceeded to trial, he received no reduction for acceptance of responsibility. (ECF No. 109 ¶¶ 36, 49.)

On March 12, 2021, the Court sentenced Mr. Johnson to a term of 97 months of imprisonment on each count, to be served concurrently—a downward variance of 38 months below the bottom of the advisory guideline range—together with three years of supervised release, a $600 special assessment, and $4,172,039 in restitution. (ECF No. 114; ECF No. 223, at 1–2.)

On January 4, 2024, Mr. Johnson filed a Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 226.) The Court denied Mr. Johnson's Motion to Vacate under § 2255. (ECF No. 262.)

On May 30, 2023, Mr. Johnson filed his *pro se* Motion for Compassionate Release. (ECF No. 199). On July 27, 2023, the Court appointed Mr. Johnson counsel. (ECF No. 201.) On November 6, 2023, Mr. Johnson filed his counseled Motion for Compassionate Release and Memorandum in Support for Sentence Reduction. (ECF Nos. 213, 214.) The United States responded in opposition, (ECF No. 223), and Mr. Johnson did not reply.

On August 15, 2023 the United States Probation Office filed an updated worksheet recalculating Mr. Johnson's guideline range. (ECF No. 204.) On June 17, 2026, this case was reassigned from the Honorable Henry E. Hudson to the Honorable M. Hannah Lauck. (ECF No. 275.) Mr. Johnson's current release date is May 10, 2027.[2]

## II. Standard of Review

18 U.S.C. § 3582(c)(1)(A) authorizes a defendant to, after exhausting their administrative remedies with the Bureau of Prisons ("BOP"), move a court for compassionate release. A court considering a motion for compassionate release proceeds in two steps. First, the court "determines whether the defendant is eligible for a sentence reduction." *United States v. Moody*, 115 F.4th 304, 310 (4th Cir. 2024). To be eligible, the court must find that relief is warranted because of "extraordinary compelling reasons," and that such relief is "consistent with applicable policy statements" issued by the United States Sentencing Commission (the "Sentencing Commission"). 18 U.S.C. § 3582(c)(1)(A)(i); *Moody*, 115 F.4th at 310. The Sentencing Commission's policy statement identifies six categories of extraordinary and compelling reasons that may allow for a sentence reduction. *See* U.S.S.G. § 1B1.13(b).[3]

Second, if the court finds that extraordinary and compelling reasons exist, the "court considers whether the 18 U.S.C. § 3553(a) sentencing factors support relief." *Moody*, 115 F.4th at 310.

---

[2] *See* Fed. Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/inmateloc/ (last visited Nov. 13, 2026).

[3] Such circumstances include: (1) certain medical circumstances of the defendant, such as terminal illness or the inability to receive specialized medical care while incarcerated; (2) the defendant's age; (3) the defendant's family circumstances; (4) the fact that the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction of, a correctional officer; (5) "any other circumstance or combination of circumstances . . . similar in gravity to" the circumstances "described in paragraphs (1) through (4)"; and, (6) the defendant's receipt of an "unusually long sentence." U.S.S.G. § 1B1.13(b)(1)–(6).

## III. Analysis

Mr. Johnson argues that extraordinary and compelling reasons warrant his release because of his numerous chronic medical conditions and the assertedly deficient medical care at his facility, his advanced age, his lack of criminal history and low risk of recidivism, and his rehabilitation. (ECF No. 214, at 2–6.) The United States responds that Mr. Johnson's medical conditions are being treated and do not meet the policy statement's standard, that his remaining grounds are not extraordinary and compelling, and that the § 3553(a) factors weigh against release. (ECF No. 223, at 5–8.)

For the reasons articulated below, the Court will deny the Motion for Compassionate Release. The Court concludes that (1) Mr. Johnson's medical circumstances are not an extraordinary and compelling reason for release; (2) neither his age nor the combination of circumstances he identifies rises to that standard; and (3) his rehabilitation alone cannot serve as a basis for relief. Accordingly, Mr. Johnson does not offer any extraordinary and compelling reason to support his request for release. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Even if he had done so, the § 3553(a) factors weigh against his release.

### A. Mr. Johnson Exhausted His Administrative Remedies

A defendant seeking compassionate release ordinarily must first apply to the BOP to bring a motion on his or her behalf. 18 U.S.C. § 3582(c)(1)(A). After seeking relief from the BOP, a defendant can proceed to district court if he or she exhausts their administrative remedies for relief with the BOP, or if the BOP fails to act within 30 days of the defendant's requesting such relief. *Id.*; *United States v. Ferguson*, 55 F.4th 262, 268 (4th Cir. 2022).

A court may waive the exhaustion requirement in certain circumstances, including where pursuing exhaustion would be futile, result in inadequate relief, or subject the defendant to undue prejudice. *United States v. Evans*, 504 F. Supp. 3d 519, 525 (E.D. Va. 2020). The United States

waives the exhaustion requirement if it fails to timely raise exhaustion as a defense. *United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021).

Mr. Johnson submitted a request for compassionate release to the warden of his facility on June 10, 2022, and the warden denied that request on July 19, 2022. (ECF No. 223, at 2.) Mr. Johnson filed the instant Motion for Compassionate Release more than thirty days later, and the United States does not contest exhaustion. The Court therefore proceeds to the merits. *See* 18 U.S.C. § 3582(c)(1)(A); *Muhammad*, 16 F.4th at 130.

### B. The Motion Does Not Establish Extraordinary and Compelling Reasons for Mr. Johnson's Release

Mr. Johnson first moves for compassionate release under U.S.S.G. § 1B1.13(b)(1)(A)–(C), which provides that a defendant's medical circumstances may be extraordinary and compelling where he or she suffers from a terminal illness, § 1B1.13(b)(1)(A), from a serious condition that "substantially diminishes" his or her ability to provide self-care within the facility, § 1B1.13(b)(1)(B), or from a condition requiring specialized care that the BOP is not providing and without which he or she is "at risk of serious deterioration in health or death," § 1B1.13(b)(1)(C). Mr. Johnson does not establish any of those circumstances.

#### 1. Mr. Johnson's Medical Circumstances Are Not an Extraordinary and Compelling Reason for Release

Mr. Johnson contends that his numerous medical conditions—principally a kidney disorder that has advanced toward the need for dialysis and a squamous cell carcinoma that was removed—together with the assertedly inadequate care he receives, constitute an extraordinary and compelling reason for release. (ECF No. 214, at 2–5.) He also identifies hypertension, high cholesterol, neuropathy, depression, anxiety, post-traumatic stress disorder, arthritis, gout, enlarged prostate, and kidney stones. (ECF No. 214, at 2.) But the record reflects that the BOP

is actively treating Mr. Johnson's conditions: a nephrology consultation and CT scan were scheduled for his kidney disorder, and he received a full-body dermatological examination and a prescribed course of treatment following the removal of the carcinoma. (ECF No. 223, at 5–6 (citing ECF No. 223-3, at 1, 6, 28–29).)

Mr. Johnson does not show that this treatment is untimely or medically inadequate, or that any of his conditions are terminal or prevent him from providing self-care. Nor does the federal prosecution of certain BOP employees at the Federal Correctional Institution ("FCI") Petersburg complex, on which Mr. Johnson relies, support a finding that his own care is deficient; nothing in the record connects that matter to his treatment. (ECF No. 214, at 2–3; ECF No. 223, at 6 n.3.) The Court therefore concludes that Mr. Johnson's medical circumstances do not constitute an extraordinary and compelling reason to reduce his sentence.

### 2. **Mr. Johnson's Age and Remaining Circumstances Are Not an <u>Extraordinary and Compelling Reason for Release</u>**

Mr. Johnson next urges the Court to find that his advanced age, lack of criminal history, low risk of recidivism, and post-release employment and family support, warrant extraordinary and compelling circumstances under U.S.S.G. § 1B1.13(b)(5). (ECF No. 214, at 3–6.)

Mr. Johnson was 72 years old when he filed his Motion for Compassionate Release. The age-based category of the policy statement applies only where the defendant "is at least 65 years old," "is experiencing a serious deterioration in physical or mental health because of the aging process," and "has served at least 10 years or 75 percent" of his term. U.S.S.G. § 1B1.13(b)(2). Mr. Johnson, who was sentenced on March 12, 2021, has served neither ten years nor seventy-five percent of his 97-month sentence, so that category does not apply.

The policy statement also provides that extraordinary and compelling reasons for release may exist where "the defendant presents any other circumstance or combination of

circumstances that, when considered by themselves or together with any of the reasons described" in the policy statement are "similar in gravity" to those in the policy statement. U.S.S.G. § 1B1.13(b)(5).

Considered under the "other reasons" provision, § 1B1.13(b)(5), the combination of circumstances Mr. Johnson identifies is not "similar in gravity" to the medical, age, family, and abuse circumstances the policy statement describes, particularly after the United States Supreme Court case *Rutherford v. United States*—decided just months ago—which confirmed that the standard is a "demanding" one centered on a prisoner's personal circumstances. *Rutherford v. United States*, 608 U.S. 454, 465–67 (2026).[4] The Court therefore concludes that these circumstances do not constitute an extraordinary and compelling reason to reduce his sentence.

**3. Mr. Johnson's Rehabilitation Alone Does Not Constitute an Extraordinary and Compelling Reason for Release**

Finally, Mr. Johnson points to his record of rehabilitation, including his lack of disciplinary infractions and his completion of educational and religious programming. (ECF No. 214, at 3.) The Court commends those efforts. But the policy statement provides that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason," and may be considered only "in combination with other circumstances." U.S.S.G. § 1B1.13(d). Because Mr. Johnson has not established any other extraordinary and compelling reason, his rehabilitation alone cannot serve as a basis for compassionate release.

[4] To the extent Mr. Johnson contends that his below-Guidelines sentence should itself be revisited under § 1B1.13(b)(5), that argument fails. A compassionate-release motion is not a vehicle for reweighing the sentence already imposed, and *Rutherford* confirms that such considerations lie outside the heartland of extraordinary and compelling reasons. *See* 608 U.S. at 466–70.

### C. <u>The § 3553(a) Factors Do Not Support Compassionate Release</u>

Even if Mr. Johnson were to establish an extraordinary and compelling reason for his release, the § 3553(a) factors weigh against it. In the interest of creating a full record, the Court discusses those factors here. The § 3553(a) factors include the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1); the need for the sentence to: reflect the seriousness of the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment, § 3553(a)(2)(A)–(D); the kinds of sentences available, § 3553(a)(3), (4); any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5); the need to avoid unwarranted sentencing disparities, § 3553(a)(6); and, the need for restitution, § 3553(a)(7).

District courts enjoy "broad discretion" in analyzing the § 3553(a) factors when considering a motion for compassionate release. *United States v. Burleigh*, 145 F.4th 541, 548 (4th Cir. 2025) (quoting *United States v. Bethea*, 54 F.4th 826, 834 (4th Cir. 2022)). "[D]istrict courts are only required to address the § 3553(a) factors 'to the extent that they are applicable.'" *Id.* (quoting § 3582(c)(1)–(2)).

The nature and circumstances of the offense are serious: Mr. Johnson, exploiting the trust he had built as a financial advisor, orchestrated a sophisticated fraud scheme that caused approximately $4.1 million in actual losses—and threatened some $13.7 million—to numerous victims, and he did so shortly after losing his securities registration for making misrepresentations to investors. (ECF No. 223, at 6–7.) The need for the sentence to reflect the seriousness of that offense, to promote respect for the law, and to afford adequate deterrence weighs heavily against a reduction. 18 U.S.C. §§ 3553(a)(1), (a)(2).

The Court has weighed Mr. Johnson's history and characteristics in his favor, including his lack of any prior criminal record, his advanced age, his medical conditions, his compliant institutional record, and his low risk of recidivism. Those considerations, however, are offset by the fact that Mr. Johnson already received a substantial benefit at sentencing: the Court varied downward 38 months below his advisory guideline range, imposing a 97-month sentence. Mr. Johnson has served more than five years of that term but has not completed it. A further reduction to time served would not reflect the seriousness of his offense, promote respect for the law, or provide adequate deterrence, and would create unwarranted disparity with similarly situated defendants. On balance, the § 3553(a) factors do not support a reduction. Mr. Johnson's 97-month sentence remains sufficient, but not greater than necessary, to serve the purposes of sentencing. The record before the Court does not justify his early release.

## IV. Conclusion

For the reasons articulated above, the Court will deny the Motion for Compassionate Release. (ECF Nos. 199, 213.)

An appropriate Order shall issue.

Date: 11/16/26
Richmond, Virginia

/s/ MHL
M. Hannah Lauck
Chief United States District Judge